**22-12902**

# United States Court of Appeals

### for the Eleventh Circuit

KEBIN VALENTIN A/K/A KEVIN VALENTIN, MATTHEW VALENTIN, and
ANABELY ACEVEDO,

*Plaintiffs – Appellants*,

v.

RMRP REALTY, LLC; 1245, LLC; T.J.F. REALTY CORP.; RONALD T.
FATATO, RONALD J. FATATO, and INTER STATE SALES CORP. D/B/A
INTERSTATE SALES CORP.,

*Defendants – Appellees*.

―――――――――――

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:20-cv-62263-AHS (Hon. Raag Singhal)

―――――――――――

## BRIEF OF APPELLEES

―――――――――――

Adi Amit, Esquire
Fla. Bar No. 35257
**ADI AMIT, P.A.**
101 NE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33301
Tel:   954-533-5922
Fax:   954-302-4675
Email: adi@defenderofbusiness.com
*Counsel for Defendants-Appellees*

## <u>CERTIFICATE OF INTERESTED PERSONS<br>AND CORPORATE DISCLOSURE</u>

1.    Singhal, Raag, United States District Court Judge

2.    Valle, Alicia O., United Stated Magistrate Judge

3.    Valentin, Kebin a/k/a Kevin, Appellant

4.    Valentin, Matthew David, Appellant

5.    Acevedo, Anabely, Appellant

6.    Kozolchyk, Elliot A., Counsel for Appellants

7.    Koz Law, P.A., Counsel for Appellants

8.    RMRP Realty, LLC, Appellee

9.    1245, LLC, Appellee

10.    T.J.F. Realty Corp., Appellee

11.    Fatato, Ronald T., Appellee

12.    Fatato, Ronald J., Appellee

13.    Inter State Sales Corp. d/b/a Interstate Sales Corp., Appellee

14.    Amit, Adi, Counsel for Appellees

15.    Alexandra R.F. Scala, Former Counsel for Appellees

16.    Adi Amit, P.A., Counsel for Appellees

RMRP Realty, LLC; 1245, LLC; T.J.F. Realty Corp; and Inter State Sales Corp. have no parent corporations and there are no publicly held corporations that own 10% or more of their stock.

C-2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**ADI AMIT, P.A.**
Counsel for Defendants-Appellees
101 NE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33301
Tel:   954-533-5922
Fax:   954-302-4963
Email: adi@defenderofbusiness.com

By:*/s/ Adi Amit*
      Adi Amit, Esquire
      Fla. Bar No. 35257

C-2

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellees respectfully do not request that an oral hearing be held in this matter.

## **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT BY WARRIOR AIR, INC. ……………………C-1

STATEMENT REGARDING ORAL ARGUMENT …………………………..i

TABLE OF CITATIONS …………………………………………………iv

I.    STATEMENT OF THE ISSUES ………………………………….....1

II.    STATEMENT OF THE CASE …………………………………..2

    a. Procedural History ………………………………………2

    b. Statement of Relevant Facts on Appeal…………………………3

    c. Standard of Review …………………………………....7

III.    SUMMARY OF ARGUMENT…………………………………...8

IV.    ARGUMENT…………………………………………………..9

    a. Coverage Under the FLSA……………………………………9

    b. It is Plaintiffs' Burden to Prove that FLSA Coverage Exists Even on Summary Judgment…………………………10

    c. The District Court Determined Correctly That Plaintiffs Did Not Come Forward with Evidence Beyond Speculation that They Participated Directly in Interstate Commerce…………………………12

        i.    Matthew Valentin and Anabely Acevedo………………………..13

            A. Appellants Indirect Participation in Interstate Commerce Theory…………………………………13

B. Appellants' Newly-Raised on Summary
Judgment "Domestic Employees" Theory……………………19

ii. Kebin Valentin ………..………………………………………21

d. The District Court Determined Correctly
The Plaintiffs Did Not Come Forward
With Evidence Beyond Speculation that
"Enterprise Coverage" Existed…………………………………………27

V.    CONCLUSION …………………………………………………………28

CERTIFICATE OF COMPLIANCE …………………………………………..29

CERTIFICATE OF FILING AND SERVICE …………………………………...30

# TABLE OF CITATIONS

**Page(s)**

**Cases:**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)……………...……………………………………………11

*Arilus v. Diemmanule,*
522 Fed. Appx. 881 (11th Cir. 2013)………………………………..……...28

*Brown v. Nexus Bus. Sols., LLC,*
29 F.4th 1315 (11th Cir. 2022)……..…………………………………………8

*Cardenas v. Aragon Towers Condo. Ass'n,*
451 Fed. Appx. 898 (11th Cir. 2012)………………………………………..20, 21

*Chapman v. AI Transp.*,
229 F.3d 1012 (11th Cir. 2000)…………………………………………..7

*Cordoba v. Dillard's, Inc.,*
419 F.3d 1169 (11th Cir. 2005)…………………………………..………………..11

*Corwin v. Walt Disney World Co.,*
475 F.3d 1239 (11th Cir. 2007)…………………….…………………...12

*Early v. Champion Int'l Corp.*,
907 F.2d 1077 (11th Cir. 1990)……………………………………………11

*Fuentes-Rangel v. Woodman,*
617 Fed. Appx. 920 (11th Cir. 2015)……………………………………...27

*Gilmour v. Gates McDonald & Co.*,
382 F.3d 1312 (11th Cir. 2004)……………………………………...……20

*Greenbriar, Ltd. V. City of Alabaster,*
881 F.2d 1570 (11th Cir. 1989)……………………………………………27

iv

*Hernandez v. Nanju Corp.,*
No. 07-22786-CIV-MORENO, 2008 WL 1925263
(S.D. Fla. April 30, 2008)……………………………………………………10

*Jaramillo v. Maoz, Inc.,*
No. 20-20106-CIV-WILLIAMS/TORRES, 2021 WL 811505
(S.D. Fla. February 16, 2021)………………………………………………..14

*Josendis v. Wall to Wall Residence Repairs, Inc.,*
662 F.3d 1292 (11th Cir. 2011)……………………………...…...9, 10, 11

*Macuba v. DeBoer*,
193 F.3d 1316 (11th Cir. 1999)……………………………………........11

*Marshall v. City of Cape Coral, Fla.*,
797 F.2d 1555 (11th Cir. 1986)……………………………………........11

*McLeod v. Threlkeld*,
319 U.S. 491 (1943)………………………………………………........12

*Patterson v. Ga. Pac., LLC,*
18 F.4th 1336 (11th Cir. 2022)………………………………….............7

*Scantland v. Jeffry Knight, Inc.,*
721 f.3d 1308 (11th Cir. 2013)…………………………………............8

*Solliday v. Fed. Officers,*
413 Fed. Appx. 206 (11th Cir. 2011)…………………………...........11

*St. Elien v. All Cty. Envtl. Servs.,*
991 F.3d 1197 (11th Cir. 2021)………………………….....................24

*Thorne v. All Restoration Servs., Inc.,*
448 F.3d 1264 (11th Cir. 2006)……………………………....9, 10, 12, 14

*United States v. Four Parcels of Real Property,*
941 F.2d 1428 (11th Cir. 1991)…………………………………...................10

*Whineglass v. Smith,*
No. 8:11-cv-2784-T-23TGW, 2013 U.S. Dist. LEXIS 71977
(M.D. Fla. May 3, 2013)……………………………….....................10, 11

**Statutes and Other Authorities:**

29 U.S.C. §201 …………………………………………………………….2

29 U.S.C. §207(a) ………………………………………………………….9

29 U.S.C. §203(b) ………………………………………………………….9

29 U.S.C. §203(r)(1)………………………………………………………..9

29 U.S.C. §203(s)(1)(A)(i)-(ii)……………………………………………10

29 U.S.C. §206(f)…………………………………………………19, 20, 21

29 C.F.R. §552.3………………………………………………………….21

29 C.F.R. §776.10……………………………………..…………………15, 16

29 C.F.R. §776.23(d)(2)…………………………………………………12

29 C.F.R. §776.24………………………………………..…………………12

29 C.F.R. §776.112…...…………………………………..………………15

Fed. R. Civ. P. 15(a)………………………………………………………20

## I.    <u>STATEMENT OF THE ISSUES</u>

- Whether the District Court erred in finding that Plaintiffs *did not* come forward, or satisfied their burden, to demonstrate a material issue of genuine fact as to their direct participation in interstate commerce under the "individual coverage" theory of the FLSA.

- Whether the District Court erred in finding that Plaintiffs *did not* come forward, or satisfied their burden, to demonstrate a material issue of genuine fact as to the existence of FLSA coverage under the "enterprise coverage" theory.

## II.    <u>STATEMENT OF THE CASE</u>

### a.  <u>Procedural History</u>

On November 5, 2020, Plaintiffs filed their Complaint against Defendants for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq*., alleging that they were not paid proper overtime and minimum wages. During the pendency of the case in the lower tribunal, Plaintiffs never amended or sought leave to amend their Complaint to add or change their FLSA coverage allegations, other than what had been alleged in Paragraph 3 of their Complaint.

By an Order dated July 29, 2022 [***DE 82***], the district court granted summary judgment in favor of the Defendants, after the Parties completed their discovery and after the issue of Plaintiffs' coverage under the FLSA had been fully briefed by the parties. In its Order, the Court found the following:

- Plaintiff, Kebin Valentin did not come forward with evidence beyond mere speculation, that, as a part of his work duties, he repeatedly traveled to and from Defendants' job sites outside of Florida or used an item moving in interstate commerce. *Id*. at p. 12.

- Plaintiff Kebin Valentin did not make a showing that he directly engaged in interstate commerce as a part of his responsibilities and, thus, cannot survive summary judgment on this record. *Id*. at p. 13.

- Plaintiffs failed to provide any concrete evidence that Defendants had gross sales of at least $500,000 in any one year. *Id*. at p. 14.

- Plaintiffs failed to provide any concrete evidence that Defendants had gross cumulative sales of at least $500,000 in any one year. *Id*. at p. 16.

**b.** <u>**Statement of Relevant Facts on Appeal**</u>

On November 5, 2020, Kebin Valentin, his wife, Anabely Acevedo, and their son, Matthew David Valentin filed a one-count Complaint against Defendants RMRP Realty, LLC, 1245, LLC, T.J.F. Realty Corp., Inter State Sales Corp., Ronald T. Fatato, and Ronald J. Fatato, alleging that they are owed overtime and minimum wages under the FLSA. ***DE 1***

RMRP Realty, LLC, a Florida limited liability company, owns eight apartments located in two adjacent buildings in Coral Springs, Florida. ***DE 45*** at ¶¶3-4

T.J.F. Realty Corp., a New Jersey corporation, owns a warehouse row in Oakland Park, Florida, which consists of seven warehouses. ***DE 45*** at ¶¶12–13 T.J.F. Realty Corp. also owns one single unit family townhouse in Fort Lauderdale, Florida. ***DE 45*** at ¶14 T.J.F. Realty Corp. has no customers outside Florida and all "its customers were tenants in the seven storage/warehouse units and the residential unit." ***DE 45*** at ¶16

Interstate Sales Corp., a New Jersey corporation, does not own any property in Florida. *DE 45* at ¶22. None of the Plaintiffs ever provided any services or work for Interstate Sales Corp. as it has no properties in Florida. *DE 45* at ¶28

1245, LLC, a Florida limited liability company, owned one property in Florida during the relevant period, a condominium unit and personal investment of Defendant Ronald T. Fatato in West Palm Beach, Florida, which was sold on May 15, 2018. *DE 45* at ¶¶29–32

The gross revenue for the entity Defendants in each of the relevant years of 2017, 2018, 2019, and 2020 did not reach or exceed $500,000.00, even when combined. *DE 45-1* at ¶¶10-13 (as to RMRP, Realty, LLC), *DE 45-1* at ¶¶21-24 (as to T.J.F. Realty Corp.), *DE 45-2* at ¶¶5-8 (as to Interstate Sales Corp.), and *DE 45-1* at ¶¶31-34 (as to 1245, LLC), as well as the income tax returns for each of these entities (*DE 45-1,* at pp. 21, 35, 49, 83, 113, 132, 157, 179, 197, 200; and *DE 45-2*, at pp 27, 28, 69)

Plaintiff Kebin Valentin solely communicated and reported to Defendant Ronald T. Fatato *DE 45* at ¶47; *see also DE 73* at ¶54; *DE 66-1* at pp. 12-70; 79; 94-97; 101-125; 140-149

Plaintiffs resided in one of the eight apartments RMRP Realty, LLC owned in Coral Springs, Florida. *DE 45* at ¶38 Plaintiff Kebin Valentin was hired to provide light maintenance services in the eight apartments RMRP Realty, LLC owned in

Coral Springs, Florida. His regular and recurrent tasks consisted of light repairs and cleaning, patching holes, occasional painting, walking the small grounds and picking up litter, maintaining the lawn every other week and making sure the property was in good order. On occasion, he was tasked with preparation of apartments for new tenants; however, this was done seldomly because it happened only at expiration of leases on one of the seven apartments in which he and his family did not reside. *DE 45* at ¶40 In 2017, Plaintiff Kebin Valentin was also hired by T.J.F. Realty Corp. to provide light maintenance at the seven warehouse units it owned until 2019. *DE 45* at ¶¶42, 45 The tasks for T.J.F. Realty Corp. included walking the small grounds of the common area along the rear and one side of the building, picking up litter, pulling weeds, and reporting to Ronald T. Fatato if there were any issues. *DE 45* at ¶43

Kebin Valentin's regular and recurrent work-related communications with RMRP Realty, LLC and T.J.F. Corp. were with Ronald T. Fatato and were conducted in person or by telephone. *DE 45* at ¶46. *See also DE 66-1* at pp. 12-70; 79; 94-97; 101-125; 140-149

Ronald T. Fatato resided and worked in South Florida, managing the affairs of RMRP Realty, LLC and T.J.F. Realty Corp. in 2017, 2018, 2019, and 2020. *DE 45* at ¶47

Even Kebin Valentin's invoices for payment by the Defendants were forwarded by Ronald T. Fatato to Tony in the New York Office because Plaintiff did

not communicate directly with Tony on a regular and recurrent basis. *DE 66-1* at pp. 80-93; 98-100

On Summary Judgment, aside from one instance in which Ronald T. Fatato asked Kebin Valentin specifically to contact Tony in New York regarding his pay (*DE 66-1* at p. 25) and one instance in which Kebin Valentin asked whether he should call Tony regarding his pay (*DE 66-1* at p. 102), Appellants have provided no evidence of any direct communications between any of them and Defendants' New York office, despite providing dozens of pages of text messages and emails between Kebin Valentin and Ronald T. Fatato in Florida. Likewise, Appellants did not provide any telephone records to show that regular and recurrent communications between them and the New York office ever occurred.

In their Brief, Appellants state: "Notably, Plaintiffs produced an envelope from Defendants with postage indicating that it was mailed from zip code 11217, which is in Brooklyn, New York" and direct the Court to an image of an envelope also provided to the district court in *DE 66-1* at p. 132. However, contrary to Appellants' representation in their Brief, the envelope is not from any of the Defendants, but from Thomas Fatato Realty Corp. – a non-Defendant and an entity even Plaintiffs did not claim to have been employed by.

Conversely, the one envelope that was sent by a Defendant in this matter – RMRP Realty, LLC, and also provided by Plaintiffs as part of the record on summary

judgment (***DE 66-1*** at p. 151) shows that it was mailed from within Florida, not from New York.

Anabely Acevedo testified at her deposition that she did not have any direct communications with Defendants because she did not speak English. ***DE 45-4*** at pp. 16:14-21; 19:17-20; 23:20-23; 26:10-18 Matthew Valentin testified at his deposition that he did not have any direct communications with Defendants. DE ***45-5*** at pp. 77:2-20; 97:14 – 98:13; 101:2-16

Neither Kebin Valentin, nor Anabely Acevedo or Matthew Valentin listed any "Domestic Employee" tasks in response to interrogatories in this case. ***DE #73-2***, ¶10; ***DE #73-3***, ¶12; ***DE #73-4***, ¶12

Paragraph 3 of Plaintiffs' Complaint alleged only that, "[A]t all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with Defendants in New York" without any mention that they were "domestic employees" or that they were traversing under the application of 29 U.S.C. §206(f). ***DE 1***

### c.  <u>Standard of Review</u>

A District Court's grant of summary judgment is reviewed *de novo* by the Court. *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)) ("We review

*de novo* a district court's grant of summary judgment, applying the same legal standards as the district court."). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Brown v. Nexus Bus. Sols., LLC*, 29 F.4th 1315, 1317 (11th Cir. 2022) (citing *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1310 (11th Cir. 2013); Fed. R. Civ. P. 56(a))

### III.    SUMMARY OF THE ARGUMENT

Plaintiffs' appeal of the district court's Order granting Defendants' Motion for Summary Judgment should be denied. The district court properly found, on the evidence presented to it, that Plaintiffs did not satisfy their burden to show the existence of a material issue of genuine fact as to their *direct* participation in interstate commerce under the "individual coverage" theory of the FLSA or that the entity Defendants had gross annual revenue of $500,000 or more in each of the subject years, even if their incomes were stacked, in order to satisfy the requirements for FLSA coverage under the "enterprise coverage" theory.

Accordingly, for the reasons set forth below, the decision of the district court should be affirmed.

## IV.   **ARGUMENT**

### a. **Coverage Under the FLSA**

"The FLSA mandates that an 'employee[]' who is 'engaged in interstate commerce' must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11ᵗʰ Cir. 2011) (citing 29 U.S.C. §207(a)). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Id*. There are two types of FLSA coverage: "First, an employee may claim 'individual coverage' if he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Id*. (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11ᵗʰ Cir. 2006)). "Second, an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Id*. (citing 29 U.S.C. §207(a)(1)). "Commerce means 'trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.'" *Id*. (citing 29 U.S.C. §203(b)). "An 'enterprise' is the activities performed by a person or persons who are (1) engaged in 'related activities,' (2) under 'unified operation or common control,' and (3) have a 'common business purpose.'" *Id*. (citing 29 U.S.C. §203(r)(1)).

9

"In relevant part, an enterprise is engaged in commerce or in the production of goods for commerce if it

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."

*Id*. (citing 29 U.S.C. §203(s)(1)(A)(i)-(ii)) (emphasis in the original)

**b.  It is Plaintiffs' Burden to Prove that FLSA Coverage Exists Even on Summary Judgment**

Even on summary judgment, the burden is on the Plaintiffs to show that they are covered under the FLSA, not on the Defendants to show that Plaintiffs were not covered. See, *Whineglass v. Smith*, 2013 U.S. Dist. LEXIS 71977, *28 (M.D. Fla. May 3, 2013) (citing *Josendis,* 662 F.3d at 1298 (11th Cir. 2011). Specifically, "it is not the defendants' burden to disprove enterprise coverage; it is the plaintiff's burden to show that it exists. See, *Whineglass*, 2013 U.S. Dist. LEXIS 71977 at *29 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir. 1991)); *Hernandez v. Nanju Corp.*, 2008 U.S. Dist. LEXIS 35481, at *5 (S.D. Fla. Apr. 30, 2008) (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264 (11th Cir. 2006)).

For purposes of defeating a motion for summary judgment, "evidence consisting of one speculative inference heaped upon another [i]s entirely

insufficient." See, *Whineglass*, 2013 U.S. Dist. LEXIS 71977 at *31 (citing *Josendis*, 662 F.3d at 1318). In opposing summary judgment, "[A]ll affidavits must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence." *Josendis,* 662 F.3d at 1315 (citing *Macuba v. DeBoer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999)) "The non-moving party cannot satisfy its burden if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id*. (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986)) "At the summary judgment stage, 'evidence,' consisting of one speculative inference heaped upon another, is entirely insufficient." *Id*. at *1318 (citing *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir 2005)). Stated otherwise, "[I]nferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. *Solliday v. Fed. Officers*, 413 Fed. Appx. 206, 207 (11th Cir. 2011) (citing *Marshall v. City of Cape Coral, Fla*., 797 F.2d 1555, 1559 (11th Cir. 1986)) Finally, "[C]onclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion." *Solliday,* 413 Fed. Appx. at 207 (citing *Earley v. Champion Int'l Corp*., 907 F.2d 1077, 1081 (11th Cir. 1990).

**c. The District Court Determined Correctly that Plaintiffs Did Not Come Forward with Evidence Beyond Speculation that They Participated Directly in Interstate Commerce**

"The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)) "Therefore, for an employee to be 'engaged in commerce' under the FLSA, he must be ***directly*** participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id*. (citing 29 C.F.R. §776.23(d)(2); 29 C.F.R. §776.24); *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007) (emphasis added)

As discussed below, much like the Plaintiff in *Thorne*, Appellants have produced nothing to show that any of them, in fact, corresponded or communicated with clients, vendors, or even office staff outside Florida on a regular and recurrent basis. Similarly, just as in Thorne, the only evidence produced by Appellants here demonstrated *intrastate* regular and recurrent communications with Ronald T. Fatato, and no *interstate* communications.

12

Appellants do not contend that any of them worked for "an instrumentality of interstate commerce, e.g., transportation or communication industry employees". Therefore, the first part of the test is not at play in this appeal. Instead, the focus of Appellants' appeal is on the second part: Appellants claim that they regularly used the instrumentalities of interstate commerce in their work.

### i. **Matthew Valentin and Anabely Acevedo**

### A. **Appellants' *Indirect* Participation in Interstate Commerce Theory**

Matthew Valentin and Anabely Acevedo do not contend that the Court made an error finding that they were not engaged directly in interstate commerce. Neither do they highlight any evidence on the record that either of them did, in fact, participate directly in interstate commerce on a regular and recurrent basis as part of their duties.  Instead, their appeal claims that the Court erred because they were *indirectly* involved in interstate commerce: According to Matthew Valentin and Anabely Acevedo, they communicated regularly with Defendants' office in New York ***through*** Kebin Valentin who was merely a conduit or an intermediary.

This argument, however, ignores the requirement that, in order for "individual coverage" to exist, an employee must be ***directly*** participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate

commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne,* 448 F.3d at 1266.

Appellants do not provide any legal authority that supports their proposition – or expansion of Congress' clear intent – of individual coverage under the FLSA to not only apply to direct participation, but also to indirect participation in interstate commerce. Indeed, accepting Appellants' illogical position would render almost all employees covered under this vague "indirect" participation test they are proposing.

As S.D. Fla. Chief Magistrate Judge Edwin G. Torres noted, rejecting a similar argument in another case:

> Jaramillo fails to cite to any authority that has accepted an indirect participation theory for establishing individual coverage. While the language of the FLSA should be given a broad construction, expanding the requirement of "directly participating" to "helping to directly participate" could result in a never-ending rabbit hole inquiry of employees' indirect participation leading to another employee's eventual direct participation. This argument is thus unsound.

*Jaramillo v. Maoz, Inc.*, No. 20-20106-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 29537, at *7-8 (S.D. Fla. Feb. 16, 2021).

While the holding in *Jaramillo*, is, of course, not binding on this Court, it nevertheless illustrates succinctly the illogical nature of the expansion of coverage the Appellants are asking this Court to establish against the intent of Congress.

Appellants do not cite to a single authority stating that ***indirect*** interstate communications are sufficient for "individual coverage" under the FLSA. Instead,

14

Appellants list several DOL regulations, seemingly in support of this proposition. However, they neglect to properly apply their alleged facts to these regulations.

For example, Appellants cite 29 C.F.R. §779.112 (dealing with coverage of Office employees). However, they do not claim that they were office employees and they do not claim that they *regularly and recurrently* prepared or mailed letters, checks, reports or other documents to out of state points. Thus, 29 C.F.R. §779.112, is inapposite. This regulation may have been applicable to the *St. Elien* appeal (a case Appellants' counsel briefed, and in which the Appellant was an office administrative assistant) but it has no relation to the Appellants here, who were clearly not office employees, but were tasked with mowing a lawn, picking up litter, unclogging sinks, and a variety of other blue-collar local maintenance tasks.

Likewise, Appellants refer to a selected subpart of 29 C.F.R. §776.10 – Employees participating in the actual movement of commerce. However, they ignore the full text of that subpart, which states in full:

> (b) Employees whose work is an essential part of the stream of interstate or foreign commerce, in whatever type of business they are employed, are likewise engaged in commerce and within the Act's coverage. This would include, for example, employees of a warehouse whose activities are connected with the receipt or distribution of goods across State lines. Also, since "commerce" as used in the Act includes not only "transmission" of communications but "communication" itself, employees whose work involves the **continued use** of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the Act. **This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage.** But if the

15

employee, **as a regular and recurrent** part of his duties, **uses** such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the scope of the Act as an employee directly engaged in the work of "communication" between the State and places outside the State.

*29 C.F.R. §776.10* (emphasis added).

Appellants clearly ignored the text of this subsection to the extent it is cited in support of their proposition that Matthew Valentin and Anabely Acevedo's alleged *indirect* communications brought them under the FLSA because the regulation refers to "employees whose work involves the **continued use** of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the Act" or those who "**as a regular and recurrent** part of his duties, **uses** such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines…" *Id*. Matthew Valentin and Anabely Acevedo never claimed to do any of these tasks, let alone on a regular or recurrent basis. In fact, they both admitted that they never communicated directly with the Defendants. ***DE 45-4*** at 16:14-21; 19:17-20; 23:20-23; 26:10-18; ***DE 45-5*** at 77:2-20; 97:14 – 98:13; 101:2-16.  Thus, this regulation is completely inapposite as to Matthew Valentin and Anabely Acevedo.

Lastly, Appellants list a laundry list of examples in the Field Operations Handbook for the Department of Labor's Wage and Hour Division (2016) for this

same proposition. However, Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo prepared reports as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida.

Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo performed any surveys with questionnaires that were then transmitted outside Florida as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida.

Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo engaged in the preparation of blueprints, sketches, plans, and the like, as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida, or that any of such items even existed or moved in interstate commerce.

Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo performed any recordkeeping activities, incident to the sending and receiving of blueprints, sketches, plans that moved in interstate commerce, as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida.

Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo transmitted or prepared letters, bills, contracts, which were sent

17

out of state, as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida.

Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo engaged in the preparation of financial reports, statements, correspondence, or other written material for transmittal across state lines, as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida.

Finally, Appellants did not provide any evidence on record that Matthew Valentin or Anabely Acevedo were news-gatherers, reporters, or clerical employees, as part of their regular activities as handyman's assistant and a handyman's wife in an eight-apartment rental facility in Coral Springs, Florida.

In short, none of these items supports Appellants' contention, that Congress' intent to regulate only activities constituting interstate commerce, not activities merely affecting commerce, or that an employee must be ***directly*** participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel should be expanded to include also ***indirect*** participation on an ***irregular or non-recurrent*** basis as their facts can support, at best.

Thus, the lower tribunal did not err when it granted summary judgment for the Defendants on the issue of "individual coverage" under the FLSA as to Matthew Valentin or Anabely Acevedo.

**B.** **Appellants' Newly-Raised on Summary Judgment "Domestic Employees" Argument**

During the pendency of the case in the lower tribunal, Plaintiffs/Appellants never contended or alleged that they were covered under the FLSA as "domestic employees." Indeed, Paragraph 3 of Plaintiffs' Complaint [**_DE 1_**] alleged only that, "[A]t all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with Defendants in New York" without any mention that they were "domestic employees" or that they were traversing under the application of 29 U.S.C. §206(f).

Further, in discovery, Matthew Valentin provided in response to Interrogatory No. 12 an exhaustive and specific list consisted of sixty-four (64) items of the tasks he claims to have performed. There was no mention of any "domestic service" work done by Matthew Valentin. See, **_DE 73-4_**, at ¶12 Likewise, Anabely Acevedo's response to Interrogatory No. 12, asking for her tasks, mentioned only helping Kevin Valentin and Matthew Valentin in the tasks they performed as listed in their interrogatory answers, and her alleged "indirect" communications with the

Defendants, without any mention of any "domestic service" she provided for the Defendants. See, ***DE 73-3***, at ¶12

However, when faced with lack of coverage issue on summary judgment, Matthew Valentin and Anabely Acevedo raised a new claim – that they were covered as "domestic service employees" after they did not mention it at all during the pleading or discovery phases of the case and attempted to support this new claim by creating new evidence in the form of self-serving Declarations that negate their previous responses in their interrogatories. On Appeal, the Appellants are not arguing that this allegation was raised at any time during the pendency of the case, or that they sought an amendment to add such an allegation – because they never did.

As an initial matter, procedurally, "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." See, *Cardenas v. Aragon Towers Condo. Ass'n*, 451 Fed. Appx. 898, 900 (11ᵗʰ Cir. 2012) (citing *Gilmour v. Gates McDonald & Co*., 382 F.3d 1312, 1315 (11ᵗʰ Cir. 2004)) "Rather, [a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend to complaint in accordance with Fed. R. Civ. P. 15(a)." *Id*. Here, unlike the Plaintiff in *Cardenas*, Appellants never even sought to amend their Complaint to add a claim for FLSA coverage under 29 U.S.C. §206(f) and are unable to advance this new coverage theory on summary judgment or in this appeal.

Substantively, Appellants' position is also without merit. "[T]he term domestic service employment refers to services of a household nature performed by an employee in or about a private home ... **of the person by whom he or she is employed**." *Cardenas*, 451 Fed. Appx. at 900 (citing *29 C.F.R. §552.3*) (emphasis added) As were the facts in *Cardenas*, here, too, Appellants' position is untenable because they were not employed at Defendants' residence. Rather, the evidence on summary judgment is clear that they performed their regular and recurrent services at an 8-unit rental complex owned by one of the entity Defendants – one of which was even Plaintiffs' residence – and at a 7-unit storage/warehouse property owned by on the entity Defendants. They may or may not have provided some help at a residence, but the record on before the court on summary judgment did not contain evidence that they did so on a regular and recurrent basis as part of their job duties at the rental property or at the warehouse. Therefore, coverage under 29 U.S.C. §206(f) is inapplicable to them.

### ii.    <u>Kebin Valentin</u>

Kebin Valentin contends that the lower Court erred determining that he did not come forward with evidence beyond mere speculation, that, as part of his work duties, he repeatedly traveled to and from Defendants' job sites outside of Florida or used an item moving in interstate commerce.

It is undisputed that Kebin Valentin never traveled outside of Florida for work purposes.

The lower Court, however, also found that his contention that he relayed information to Defendants outside of Florida was also not supported by the record. *DE 82* at p. 18. Lastly, the lower Court found that Kebin Valentin "did not make a showing that he directly engaged in interstate commerce as a part of his responsibilities and, thus, cannot survive summary judgment on this record" and that "Plaintiffs produced nothing to create a material issue of genuine fact as to his "direct[] participat[ion]" in interstate commerce under an individual coverage theory." *Id.*

On Summary Judgment, Appellants presented the lower Court with the following evidence by Kebin Valentin in support of their position:

A Declaration by Kebin Valentin [*DE 66-1*]

Followed by 140 pages of documents consisting of emails, statements/invoices, text messages with Ronald T. Fatato within Florida, images of the apartments and work being done in some, one window envelope mailed from Thomas Fatato Realty Corp. (a non-Defendant) in New York below a check stub payable to "Jessica's Cleaning Service LLC" (*DE 66-1,* Exhibit P, p. 132) and an envelope addressed to Kevin Valentin from RMRP Realty LLC mailed out of

Miami, Florida (*DE 66-1,* Exhibit S, p. 151). That is all the evidence that was provided by Mr. Valentin in support of his position on Summary Judgment.

In three years, Mr. Valentin has managed to produce one text message directing him to call New York to resolve an issue with his own check (not a work-related task or instruction), one window envelope from a non-Defendant (thus, immaterial) that he purportedly received, and one envelope mailed to him by a Defendant from a Miami, FL zip code. He has provided nothing else to support his self-serving claim that he "could recall that I regularly and recurrently (3-5 times per week) communicated with two of Defendants' employee who were based in the state of New York, namely Maria Torres and Tony Quarantaa…" Not only is there absolutely no evidence on the record to support a claim by this maintenance person, who listed 65 maintenance tasks as his "regular and recurrent" tasks, that he "regularly and recurrently" communicated with anyone outside Florida for work purposes, the evidence that is on the record overwhelmingly negates his statement: while he provided dozens of pages of emails and texts with Ronald T. Fatato (who was in Florida), Kebin Valentin failed to provide any evidence that he communicated with anyone other than Ronald T. Fatato except for one time.

While he states that he communicated regularly and recurrently with Tony, the evidence shows that he was asked to do it once during his employment (why would Ronald Fatato ask him to do it once if he communicated with Tony on a

regular and recurrent basis?) and the invoices from the Plaintiff were forwarded by Ronald Fatato to Tony (why would they need to be forwarded by Ronald Fatato if Kebin Valentin communicated with Tony regularly and recurrently?) The following discussion may explain why, magically, Plaintiff stated that he communicated with New York on a regular and recurrent basis even though nothing in his employment supports it and everything negates it:

Appellants rely heavily on this Court's ruling in *St. Elien v. All Cty. Envtl. Servs.*, 991 F.3d 1197 (11th Cir. 2021) in support of their appeal – a case in which the same counsel represented the Plaintiff; however, as discussed below, the facts of that case differ materially from the facts herein and, thus, it is distinguishable.

In *St. Elien*, Plaintiff – an administrative assistant – testified that she spoke three to five times a week (just as Mr. Valentin stated in his Declaration here) with Defendant's out of state vendors and with out of state customers regarding pest-control services to be provided locally at their properties. Without more, it would be reasonable for an administrative assistant to make such calls, if the jury were to believe it.

Here, Appellants have not provided any support for their claim and, unlike the testimony by an administrative assistant working for an employer who has out of state clientele and vendors, Defendants' clients here were residents in the same apartment building as Plaintiffs, Mr. Valentin's supervisor was local, the evidence

24

shows that he communicated with his supervisor on a regular and recurrent basis, and Mr. Valentin was not an administrative assistant. Mr. Valentin was a maintenance person, maintaining seven apartments aside from his own as well as a row of warehouses, his regular and recurrent tasks (as listed in his own Declaration) did not include making phone calls. In othernlike theine, he had no reason to communicate with anyone outside Florida on a regular and recurrent basis under these facts.

The text and email records provided by Mr. Valentin on summary judgment beg the questions of, 1) if he communicated regularly and recurrently with Mr. Fatato who was in South Florida, why would there be a need for him to speak regularly and recurrently with anyone in New York? and 2) If the communications with New York were regular and recurrent, as Mr. Valentin claims with no support, why would Mr. Fatato need to instruct him on one specific occasion to call Tony" in New York or forward his invoices to New York?

These questions highlight the factual differences between the *St. Elien* case and this case. In *St. Elien*, the surrounding facts of Plaintiff's employment supported her testimony in a way that a reasonable jury could have found that she "regularly and recurrently the instrumentalities of interstate commerce in her work": she was an administrative assistant working for a company that had out of state customers and vendors. Here, conversely, all the other facts negate the self-serving statement

25

of Mr. Valentin: he was a maintenance employee, maintaining local apartments (where he resided) and a row of warehouses, he had a local supervisor with whom and he regularly and recurrently communicated. On the one occasion he had a question about his check, he was specifically instructed to call New York. These facts do not support Mr. Valentin's self-serving statement – they negate it. Mr. Valentin could have produced his cell phone records to indicate the frequency of calls to New York, but he did not. The record before the district court was simply devoid of any evidence to show that a local maintenance person working on a handful of apartments and a handful of warehouses was anything other than a maintenance person or that he communicated or – unlike the Plaintiff in *St. Elien* – *even had any reason* to communicate with anyone across state line on a regular and recurrent basis as part of his job duties, when all the evidence presented shows the exact opposite occurred.

With nothing else provided on the record, there is simply no reasonable basis for a jury to find that Mr. Valentin *regularly and recurrently* used the instrumentalities of interstate commerce in his work and the District Court did not err when it found that "Plaintiffs produced nothing to create a material issue of genuine fact as to his 'direct participat[ion]' in interstate commerce under an individual coverage theory" *DE 82* at p. 13.

d. **The District Court Determined Correctly that Plaintiffs Did Not Come Forward with Evidence Beyond Speculation that "Enterprise Coverage" Existed**

Appellants' initial brief does not argue that the lower court erred in finding that "Enterprise Coverage" under the FLSA did not exist. Therefore, they have waived this issue. *Fuentes-Rangel v. Woodman*, 617 Fed. Appx. 920, 921 (11th Cir. 2015) (citing *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 (11th Cir. 1989) ("[Appellant] has waived this issue by failing to argue it in its brief on appeal.") However, even if Appellants had not waived this argument, the proper conclusion would be that the lower court did not err when it so ruled.

As stated above, on Summary Judgment, a Plaintiff cannot satisfy his burden to demonstrate that the $500,000 annual gross revenue requirement based on unsupported speculation.

Here, as correctly found by the lower court, Appellants did not provide any evidence beyond unsupported speculation by Kebin Valentin, coupled with hearsay speculation by Matthew Valentin, that any of the entity Defendants singularly, or even combined – or stacked – had gross revenue of $500,000.00 in any of the relevant years.

In doing so, they failed to rebut the direct and specific evidence submitted by the Defendants on the issue. ***DE 45-1*** at ¶¶10-13 (as to RMRP, Realty, LLC), ***DE 45-1*** at ¶¶21-24 (as to T.J.F. Realty Corp.), ***DE 45-2*** at ¶¶5-8 (as to Interstate Sales

27

Corp.), and ***DE 45-1*** at ¶¶31-34 (as to 1245, LLC), as well as the income tax returns for each of these entities (***DE 45-1,*** at pp. 21, 35, 49, 83, 113, 132, 157, 179, 197, 200; and ***DE 45-2***, at pp. 27, 28, 69). Speculative and unsupported statements, such as the ones made by Matthew Valentin and Kebin Valentin here lack specificity and appear to be based solely on assumptions without direct knowledge of any under-reporting of annual sales or business done. Therefore, they do not show a genuine issue of material fact as to the income of the entities and summary judgment is appropriate. *Arilus v. Diemmanuele*, 522 Fed. Appx. 881, 883-84 (11th Cir. 2013).

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the district court's Order granting Defendants' Motion for Summary Judgment [***DE 82***] and the subsequent Judgment in favor of Defendants [***DE 83***] should be affirmed. The district court correctly found that, after the conclusion of discovery, Plaintiffs have failed to come forward with sufficient evidence on the record, to demonstrate that "individual coverage" under the FLSA applied to any of them or that the Defendants were subject to "enterprise coverage" under the FLSA. The district court made no error in rejecting Plaintiffs' position under the facts presented to it. Therefore, the district court's decision below should be affirmed.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that the foregoing Brief of Appellee complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains <u>6,415</u> words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f).

The undersigned further certifies that this Brief of Appellee complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft WORD in 14 point size and Times New Roman font.

By:<u>*/s/ Adi Amit*</u>
Adi Amit
Fla. Bar No. 35257

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that this 11th day of January, 2023, I caused this Brief of Appellees to be filed electronically with the Clerk and the Court using the CM/ECF System, which will send notice of such filing to the following registered users: Elliot Kozolochyk, Koz Law, P.A., ekoz@kozlawfirm.com.

I further certify on this 11th day of January, 2023, I caused the required number of bound copies of the foregoing Brief of Appellee to be filed via FedEx Overnight delivery with the Clerk of this Court and by U.S. Regular Mail to Counsel for Appellant.

**ADI AMIT, P.A.**
Counsel for Defendants-Appellees
101 NE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33301
Tel:   954-533-5922
Fax:   954-302-4963
Email: adi@defenderofbusiness.com

By:*/s/ Adi Amit*
        Adi Amit
        Fla. Bar No. 35257

30